IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SENTRY SELECT INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-2396 |
| TEREX CORPORATION and TEREX PEGSON, LTD., | § § § | |
| Defendants. | § § | |

MEMORANDUM AND ORDER

Pending are Plaintiff Sentry Select Insurance Company's Motion for Partial Summary Judgment Against Terex Pegson (Document No. 23) and Defendants Terex Corporation and Terex Pegson, Ltd.'s Motion for Summary Judgment (Document No. 30). After carefully considering the motions, responses, and applicable law, the Court concludes as follows.

I. Background

Plaintiff Sentry Select Insurance Company ("Plaintiff") defended its insured, Powerscreen Texas, Inc. ("Powerscreen"), in what Plaintiff describes as a products liability suit filed against Powerscreen in Texas state court.[1]  Salvador Reyes ("Reyes") and his family (collectively the "Reyes Family"), the plaintiffs in the underlying suit, sued Powerscreen as a result of injuries Reyes

---

[1] Document No. 12 ¶¶ 1, 18-20 (1st Am. Compl.).

sustained in an accident involving a Pegson 4242SR rock crusher ("Terex Crusher") that Reyes's employer rented from Powerscreen,[2] an official distributor of Terex products and the lessor of the Terex Crusher at issue in the underlying suit. Plaintiff settled the underlying case and in this suit seeks indemnification from Defendant Terex Pegson, Ltd. ("Terex Pegson"), the manufacturer of the Terex Crusher,[3] which Plaintiff alleges "is a subsidiary of [Defendant] Terex Corporation and its alter ego."[4]

The Reyes Family filed the underlying suit against both Powerscreen and Reyes's employer, Terra Firma Materials, L.L.C. ("Terra Firma"), alleging among other things that the Terex Crusher was defective, unreasonably dangerous, and a producing cause of Reyes's injuries.[5]  In their Third Amended Original Petition, the Reyes Family for the first time named Terex Pegson and Terex Corporation as defendants.[6]  Terex Pegson, by letter dated May 31, 2011, agreed to defend and indemnify Powerscreen, but stated it reserved the right to withdraw its defense and indemnity if independent acts of negligence were alleged against Powerscreen or

---

[2] Id. ¶ 18.

[3] Id.

[4] Id. ¶¶ 3, 8.

[5] Document No. 24 at 2, 5.

[6] Id. at 37-38.

evidence of such arose.[7]   Later, after two reports produced by the Reyes Family's experts concluded that the Terex Crusher was not defectively designed, manufactured, or marketed, Terex Pegson on November 12, 2012, tendered the defense back to Powerscreen.[8]   On February 7, 2013, the Reyes Family filed their Fourth Amended Original Petition (the "Fourth Amended Petition"), which removed Terex Pegson and Terex Corporation as defendants, and for the first time dropped claims that the Terex Crusher was defective, unreasonably dangerous, and a producing cause of Reyes's injuries, and narrowed its allegations to claims of negligence against only Terra Firma and Powerscreen.[9]   Ultimately, Plaintiff settled and obtained dismissal with prejudice of the Reyes Family's claims against its insured, Powerscreen.[10]

In the instant suit, Plaintiff alleges against Terex Pegson and Terex Corporation claims for statutory indemnification under the Texas Civil Practice & Remedies Code § 82.002 and equitable subrogation.[11]   Plaintiff moves for partial summary judgment against Terex Pegson, arguing that the underlying lawsuit was a products liability action that triggered a legal duty for Terex Pegson to

---

[7] Id. at 33.

[8] Id. at 48.

[9] Id. at 51-57.

[10] Id. at 61-63.

[11] Document No. 12 ¶ 27.

indemnify Plaintiff unless the statutory exception applies.[12]  Terex Pegson and Terex Corporation move for summary judgment arguing that the Fourth Amended Petition alleges negligence against Powerscreen but makes no claim that any Terex Pegson product was defective; therefore, Defendants had no duty to indemnify Powerscreen and are entitled to judgment on Plaintiff's claims as a matter of law.[13]

## II. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986).  All justifiable inferences to be drawn from the

---

[12] Document No. 23 at 4-14.

[13] Document No. 30 at 2.

4

underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993).  On the other hand, if "the fact finder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

### III. Defendants' Motion for Summary Judgment

Under Texas law, a manufacturer of a product generally has a duty to indemnify its distributor for defending against products liability claims.  TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a). Here, because Terex Pegson and Terex Corporation (collectively "Defendants") claim that the Reyes Family abandoned the products liability claims that originally implicated Defendants, they move for summary judgment on Plaintiff's claims.[14]  Plaintiff's response relies on the two arguments discussed below.

---

[14] Document No. 30.

First, Plaintiff argues that the Reyes Family's first four petitions, which all included products liability claims, triggered the manufacturer's duty to indemnify and that "[o]nce a products liability action is established, it remains one even after a petition removes the defect allegations."[15]  Section 82.002 of the Texas Products Liability Act provides that manufacturers are required to indemnify sellers against

> loss arising out of a products liability action, except
> for any loss caused by the seller's negligence,
> intentional misconduct, or other act or omission, such as
> negligently modifying or altering the product, for which
> the seller is independently liable.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a).  Under the statute, a "products liability action" is defined as

> any action against a manufacturer or seller for recovery
> of damages arising out of personal injury, death, or
> property damage allegedly caused by a defective product
> whether the action is based in strict tort liability,
> strict products liability, negligence, misrepresentation,
> breach of express or implied warranty, or any other
> theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(2).  "[A] 'products liability action' includes not only products liability claims but also other theories of liability properly joined thereto, such as the allegation of negligence . . . ."  Meritor, 44 S.W.3d at 91.

---

[15] Document No. 31 at 2.

6

Essentially, Plaintiff argues that the Reyes Family's first four petitions, which alleged that Terex's product was defective and unreasonably dangerous, triggered Terex Pegson's and Terex Corporation's duty to indemnify and that the duty persisted regardless of any subsequent withdrawal of those claims by the Reyes Family.  In making this argument, Plaintiff primarily relies upon two cases.[16]  First, in <u>Jackson v. Black & Decker (U.S.), Inc.</u>, the plaintiffs brought suit against both the manufacturer and the seller of a grinder.  No. CIV-A 06-CV-2005, 2008 WL 4923711, at *1-2 (N.D. Tex. Nov. 14, 2008) (Fish, J.).  Plaintiffs settled with the manufacturer, released all of their rights to any further products liability claims, and then amended their complaint to drop the manufacturer, leaving only a claim against the seller that it had sold the item as new when, in fact, it was a returned item.  The court determined that the settling manufacturer's duty to indemnify remained in effect until there was a finding that the

---

[16]  Plaintiff also cites <u>Toyota Industrial Equipment Mfg., Inc. v. Carruth-Dogget, Inc.</u> in support of its argument.  In <u>Toyota</u>, the court found that the manufacturer was required to indemnify the seller, even though the plaintiff alleged only negligence claims and not products liability claims against the seller.  325 S.W.3d 683, 686-87 (Tex. App.-Houston [1st] 2010, pet. denied).  Specifically, the court stated that "Because [the plaintiff] alleges that a defect in the forklift manufactured by TIEM caused him harm, his pleadings implicate the indemnity provision in Section 82.002 covering 'loss arising out of a products liability action.'"  <u>Id.</u> at 691.  <u>Toyota</u> does not support Plaintiff's argument because the issue in <u>Toyota</u> was whether a seller was entitled to indemnity when the plaintiff alleged only a negligence cause of action against the seller, but alleged products liability claims against the manufacturer.

seller committed independently negligent acts. Id. at *5 ("The purpose of section 82.002 is to protect innocent sellers who are drawn into products liability litigation solely because of the vicarious nature of that liability by assigning responsibility for the burden of the litigation to the product manufacturer," quoting General Motors Corp. v. Hudiburg Chevrolet, Inc., 199 S.W.3d 249, 262 (Tex. 2006)).

Similarly, in Charles Machine Works, Inc., v. Butler Rental & Sales, Inc., the plaintiffs sued both the manufacturer and the seller of a trencher, asserting both products liability and negligence against the manufacturer and only negligence against the seller. 327 S.W.3d 779, 781 (Tex. App.-Corpus Christi 2010, pet. denied). The manufacturer settled with the plaintiffs, but the settlement expressly stated that the plaintiffs did not release their claims against the seller for its negligence or other acts. Id. After the seller settled with the plaintiffs without admitting fault, it sought indemnity from the manufacturer for the settlement amount plus attorneys' fees. Id. at 782. The court granted the seller's motion for summary judgment because the manufacturer "presented no evidence raising a fact issue as to why [the seller] is independently liable," determining that the manufacturer was required to prove that the seller's independent culpability caused the plaintiffs' injuries. Id. 789 (emphasis in original).

8

Unlike <u>Jackson</u> and <u>Charles Machine Works</u>, in which cases the manufacturers for valuable consideration settled the products claims and obtained releases of the plaintiffs' products liability claims against them, in this case there is no evidence of any settlement made by the manufacturer with the Reyes Family, no evidence of any release of products liability claims obtained from Plaintiffs and, indeed, no evidence of a defective product. To the contrary, the uncontroverted summary judgment evidence is that after the Reyes Family's experts both found that there was evidence only of negligence on the part of Terra Firma and Powerscreen, and no evidence of a manufacturing defect, the Reyes Family dismissed the manufacturer and dropped their products liability claims that the Terex crusher was a defective and unreasonably dangerous product. This is as it should be. When a plaintiff concludes that he has filed a meritless claim, he should withdraw that claim and dismiss the wrongly accused defendant, who has no liability to indemnify for a loss that was in no way attributable to any defect in his product. *See* <u>Seelin Med., Inc. v. Invacare Corp.</u>, 203 S.W.3d 867, 868-71 (Tex. App.-Eastland 2006, pet. denied) (holding that once the plaintiff amended his claims to remove a claim that one product was defective, the manufacturer of that product no longer had a duty to indemnify the seller of the product). It would be a misapplication of Section 82.002 to impose indemnity liability upon a manufacturer once mistakenly named as a defendant

after the plaintiff learned of his mistake and rectified the error
by dropping the product liability claims and dismissing the
wrongfully named manufacturer.

Plaintiff's alternative argument is that the Fourth Amended
Petition's "clear and repeated allegations of inadequate warnings
and instructions that are themselves sufficient to plead a product
liability action."[17]   "In a products liability action, the court
must look to the allegations in the plaintiff's petition to
determine whether the manufacturer's duty to indemnify a seller for
costs incurred in products liability litigation under Chapter 82
has been triggered."   Centerpoint Builders GP, LLC v. Trussway
Ltd., 436 S.W.3d 882, 889 (Tex. App.-Beaumont 2014, pet. filed).
In determining whether a pleading triggers the duty to indemnify,

> [t]he [Texas] supreme court's application of this statute
> to issues arising during the pendency of a products
> liability lawsuit is not unlike the eight-corners rule
> used to determine an insurer's duty to defend.  In both
> instances, extrinsic evidence may not be considered.
> Instead, the court has compared the allegations in a
> products liability claimant's pleadings with the language
> of Section 82.002 and has found a duty to indemnify
> exists if a claimant asserts an allegation against a
> seller that falls within the statute's scope.

Seelin Med., Inc. v. Invacare Corp., 203 S.W.3d 867, 870 (Tex.
App.-Eastland 2006, no pet.).

---

[17] Document No. 31 at 1.

The Fourth Amended Petition alleges against Powerscreen, in relevant part, the following:[18]

    a.)   Failure to properly train I.O.C. and/or Terra Firma's employees to avoid and/or eliminate dangerous conditions regarding the rock crusher;

    .  .  .

    e.)   The training Powerscreen Texas provided was wholly inadequate in that Powerscreen Texas failed to:

        1.)   Provide adequate instruction regarding the use and operation of the rock crusher;

        2.)   Provide adequate instruction regarding the maintenance of the rock crusher;

---

[18]    Plaintiff argues that the Fourth Amended Petition includes product defect allegations including the following:

Failure to "[w]arn . . . of the danger concerning the rock crusher."

Failure to instruct how to "eliminate dangerous conditions regarding the rock crusher."

Inadequate "instruction regarding the use and operation of the rock crusher."

Inadequate "instruction regarding the maintenance of the rock crusher."

Failure to provide instruction and training in Spanish."

Failure to provide adequate instruction regarding the use and installation of an apron specifically on the 4242SR rock crusher including but not limited to instruction on how to lower the conveyer system to allow the safe installation of said apron."

Document No. 23 at 10 (citations omitted).

      3.)   Warn IOC and/or Terra Firma employees of the danger concerning the rock crusher;

. . .

      5.)   Provide instruction and training in Spanish;

. . .

      7.)   Provide adequate instruction regarding the use and installation of an apron specifically on the 424SR rock crusher including but not limited to instruction on how to lower the conveyor system to allow the safe installation of said apron . . .[19]

Looking at the four corners of the pleading, the Reyes Family's allegations are negligence and not products liability. For example, a failure to "[w]arn IOC and/or Terra Firma employees of the danger concerning the rock crusher" would be a products liability claim if it were viewed in isolation, but the Reyes Family alleges that this was one way in which Powerscreen's training was inadequate. It is not a claim that the Terex Crusher came without such a warning, but rather that Powerscreen did not provide the warning to IOC and/or Terra Firma employees. Similarly, the other alleged failures to warn and provide instruction are alleged against Powerscreen and not alleged as failures of the Terex Crusher itself or its manufacturer. Because the Fourth Amended Petition does not allege that plaintiffs' damages for injury were caused by a defective product or its

---

[19] Document No. 24 at 57 of 98.

manufacturer, it did not trigger a duty for Defendants to indemnify Powerscreen. Accordingly, Defendants' Motion for Summary Judgment is granted on Plaintiff's mistaken contention that the Reyes Family's Fourth Amended Petition included products liability claims implicating Defendants.

## IV. Plaintiff's Alternative Motion

Plaintiff argues that "[e]ven if the Reyes Litigation stopped being a product liability action after the Fourth Amended Petition was filed, Terex does not dispute that it was a product liability action before."[20] The duty for a manufacturer to indemnify a seller ends when the plaintiff no longer asserts products liability claims based on that product. *See* Seelin, 203 S.W.3d 867 at 872 (finding that the manufacturer's duty to indemnify the seller ended only when the plaintiff amended his pleading to remove those claims). Here, Terex Pegson tendered the defense of the underlying lawsuit back to Plaintiff on November 28, 2012,[21] but the live pleading at the time, the Third Amended Original Petition, still included products liability claims,[22] and, concomitantly, Terex Pegson's duty to indemnify Plaintiff continued until the Reyes Family filed their Fourth Amended Petition on February 7, 2013, removing such claims.

---

[20] Document No. 31 at 5.

[21] Document No. 24 at 48.

[22] Id. at 40-41.

As such, Plaintiff is entitled to indemnity for costs incurred from November 28, 2012 until February 7, 2013.   In sum, the Reyes Family's Original Petition triggered a duty for Terex Pegson to indemnify Plaintiff in the underlying products liability action, but this duty ended when the Reyes Family filed the Fourth Amended Petition, which abandoned the mistakenly filed products liability claims and dismissed the Terex Pegson Defendants.

## V. Order

For the foregoing reasons, it is

ORDERED that Plaintiff Sentry Select Insurance Company's Motion for Partial Summary Judgment Against Terex Pegson (Document No. 23) is GRANTED in part as to that period of time from November 28, 2012 to February 7, 2013, and the motion is otherwise DENIED. It is further

ORDERED that Terex Corporation and Terex Pegson, Ltd.'s Motion for Summary Judgment (Document No. 30) is GRANTED in part as to

that period of time after the Reyes Family filed their Fourth Amended Original Petition on February 7, 2013, and is otherwise DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 7TH day of May, 2015.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE